******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

CHANDRA A. BOZELKO *v.* ANGELICA
N. PAPASTAVROS
(SC 19495)

Rogers, C. J., and Palmer, Zarella, Eveleigh, McDonald,
Espinosa and Robinson, Js.*

*Argued May 4—officially released September 27, 2016*

*Chandra A. Bozelko*, self-represented, the appellant
(plaintiff).

*Daniel J. Krisch*, with whom, on the brief, were
*Thomas P. Lambert* and *Brian E. Tims*, for the appel-
lee (defendant).

*Opinion*

ZARELLA, J. This case raises the question of whether a plaintiff's failure to produce expert testimony on the issue of causation is fatal to her claims of legal malpractice and breach of fiduciary duty by an attorney. The plaintiff, Chandra A. Bozelko, appeals from the judgment of the Appellate Court, which affirmed the trial court's judgment in favor of the defendant, Angelica N. Papastavros. The trial court granted the defendant's motion for summary judgment after precluding the plaintiff from presenting expert testimony due to her failure to disclose an expert witness by a date previously ordered. The plaintiff contends, inter alia, that summary judgment was improper because expert testimony was unnecessary to prove her claims of legal malpractice and breach of fiduciary duty.[1] We disagree and, accordingly, affirm the judgment of the Appellate Court.[2]

The following facts and procedural history are relevant to this appeal. The defendant served as the plaintiff's defense counsel in a 2007 criminal jury trial. Following that trial, the plaintiff was convicted of fourteen offenses[3] and acquitted of eight others, and she received a total effective sentence of ten years imprisonment, execution suspended after five years, and four years of probation. Her convictions were upheld on direct appeal; *State* v. *Bozelko*, 119 Conn. App. 483, 510, 987 A.2d 1102, cert. denied, 295 Conn. 916, 990 A.2d 867 (2010); and she thereafter unsuccessfully sought habeas relief on the basis of ineffective assistance of counsel.

In 2007, while awaiting sentencing, the plaintiff filed the present action against the defendant, alleging legal malpractice and breach of fiduciary duty in connection with the defendant's representation of the plaintiff in the criminal proceedings.[4] The plaintiff's operative complaint sets forth a number of specific allegations, including the defendant's alleged delay in instituting a written fee agreement, misrepresentation of the length of her legal career and criminal trial experience, failure to familiarize herself adequately with the facts of the case and the relevant law and procedure, failure to interview potential witnesses, failure to file certain motions, failure to deliver a coherent closing argument, failure to prepare for trial, failure to maintain attorney-client confidentiality, failure to return the plaintiff's file upon request, and speaking with the press about confidential matters without the plaintiff's authorization.[5] The plaintiff claimed that these alleged shortcomings had caused her to suffer damages, which resulted from her criminal convictions and incarceration.

On March 28, 2013, when the case had been pending for about six years, the defendant sought leave to file a motion for summary judgment, which the trial court denied in light of the fact that trial was scheduled to

commence on June 27, 2013. The court ordered, however, that the plaintiff disclose an expert witness no less than forty-five days prior to trial, and it warned that her failure to do so would result in the preclusion of expert testimony.[6] The court's order also indicated that the defendant could renew her motion for summary judgment in the event that the plaintiff failed to disclose an expert.

On May 17, 2013, the plaintiff filed an expert witness disclosure identifying her former habeas counsel as her expert witness. The defendant moved to preclude that individual from testifying due to various inadequacies in the disclosure, and she also renewed her motion for summary judgment. At a June 11, 2013 hearing, the plaintiff's former habeas counsel appeared and testified that he had not been retained as an expert and had no expert opinion to offer. The plaintiff failed to identify any other expert witness. Thereafter, the court issued an order precluding the plaintiff from offering expert testimony.

The trial court deferred any decision with respect to the defendant's summary judgment motion and permitted the plaintiff to reargue the preclusion order on the scheduled trial date. At that time, the plaintiff raised numerous arguments, including that expert testimony was unnecessary in the present case because her claims constituted allegations of gross negligence, a recognized exception to the general rule requiring expert testimony to establish the standard of care in a professional negligence action. See, e.g., *Grimm* v. *Fox*, 303 Conn. 322, 330, 33 A.3d 205 (2012). The trial court, after reviewing the allegations of the plaintiff's complaint, disagreed with the plaintiff's characterization and concluded instead that expert testimony would be necessary to prove her allegations of negligence. The court also concluded that an expert would be necessary to establish causation, namely, "that any of the things the defendant allegedly did wrong (whether [the result of] gross negligence or not) resulted in her conviction or any of the many harms [the plaintiff] alleges. Nor does the plaintiff have an expert to opine that different conduct of the defendant would have resulted in a different outcome . . . ."[7] Because the plaintiff lacked an expert, the trial court granted the defendant's motion for summary judgment and rendered judgment thereon for the defendant.

The plaintiff appealed to the Appellate Court from the trial court's judgment, claiming, inter alia, that the trial court incorrectly had concluded that expert testimony was necessary to prove her allegations.[8] See *Bozelko* v. *Papastavros*, 156 Conn. App. 124, 126, 111 A.3d 966 (2015). The Appellate Court rejected that claim; see id., 132–33; and affirmed the trial court's judgment. Id. 138. This appeal followed.

The plaintiff argues that the Appellate Court incor-

rectly concluded that her claims could not have been proven without expert testimony. She contends that an expert was unnecessary to establish the applicable standard of care because her allegations amounted to claims of gross negligence. The plaintiff also claims that an expert was unnecessary to prove causation because the only way to establish that the defendant's alleged conduct or omissions had resulted in the plaintiff's criminal convictions was through the introduction of testimony from the jurors in her criminal trial. According to the plaintiff, that testimony would have shown that, if the purported deficiencies in the defendant's performance had not existed, the jurors would not have found the plaintiff guilty of the offenses of which she was convicted. Even if we assume, without deciding, that the plaintiff raised allegations of gross negligence, we nevertheless conclude that an expert witness was required to prove that the defendant's alleged conduct and omissions, rather than the plaintiff's guilt of the crimes charged, were the cause of the plaintiff's convictions.[9] Accordingly, the trial court properly granted the defendant's motion for summary judgment.

We begin with general principles and the standard of review. "Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that the party is, therefore, entitled to judgment as a matter of law. . . . Our review of the trial court's decision to grant the defendant's motion for summary judgment is plenary." (Internal quotation marks omitted.) *Arras* v. *Regional School District No. 14*, 319 Conn. 245, 255, 125 A.3d 172 (2015). Summary judgment in favor of a defendant is proper when expert testimony is necessary to prove an essential element of the plaintiff's case and the plaintiff is unable to produce an expert witness to provide such testimony. See, e.g., *Grimm* v. *Fox*, supra, 303 Conn. 330; see also *Boone* v. *William W. Backus Hospital*, 272 Conn. 551, 574–75, 864 A.2d 1 (2005).

"Malpractice is commonly defined as the failure of one rendering professional services to exercise that degree of skill and learning commonly applied under all the circumstances in the community by the average prudent reputable member of the profession *with the result of injury, loss, or damage* to the recipient of those services . . . ." (Emphasis added; internal quotation marks omitted.) *Updike, Kelly & Spellacy, P.C.* v. *Beckett*, 269 Conn. 613, 649, 850 A.2d 145 (2004). Generally, a plaintiff alleging legal malpractice must prove all of the following elements: "(1) the existence

of an attorney-client relationship; (2) the attorney's wrongful act or omission; (3) *causation*; and (4) damages."[10] (Emphasis added; internal quotation marks omitted.) *Grimm* v. *Fox*, supra, 303 Conn. 329.

"The essential element of causation has two components. The first component, causation in fact, requires us to determine whether the injury would have occurred but for the defendant's conduct. . . . The second component, proximate causation, requires us to determine whether the defendant's conduct is a substantial factor in bringing about the plaintiff's injuries. . . . That is, there must be an unbroken sequence of events that tied [the plaintiff's] injuries to the [defendant's conduct]. . . . This causal connection must be based [on] more than conjecture and surmise. . . . [N]o matter how negligent a party may have been, if his negligent act bears no [demonstrable] relation to the injury, it is not actionable . . . ." (Citations omitted; internal quotation marks omitted.) *Stuart* v. *Freiberg*, 316 Conn. 809, 833–34, 116 A.3d 1195 (2015).

"The existence of the proximate cause of an injury is determined by looking from the injury to the negligent act complained of for the necessary causal connection." (Internal quotation marks omitted.) *Grayson* v. *Wofsey, Rosen, Kweskin & Kuriansky*, 231 Conn. 168, 182, 646 A.2d 195 (1994). In legal malpractice actions arising from prior litigation, "the plaintiff typically proves that the . . . attorney's professional negligence caused injury to the plaintiff by presenting evidence of what would have happened in the underlying action had the [attorney] not been negligent. This traditional method of presenting the merits of the underlying action is often called the 'case-within-a-case.' 5 R. Mallen & J. Smith, Legal Malpractice (5th Ed. 2000) § 33.8, [p. 69]." *Margolin* v. *Kleban & Samor, P.C.*, 275 Conn. 765, 775 n.9, 882 A.2d 653 (2005). More specifically, the plaintiff must prove that, in the absence of the alleged breach of duty by her attorney, "the plaintiff would have prevailed [in] the underlying cause of action and would have been entitled to judgment." *Haddy* v. *Caldwell*, 403 S.W.3d 544, 546 (Tex. App. 2013), review denied, Texas Supreme Court, Docket No. 13-0554 (September 20, 2013). To meet this burden, "the plaintiff must produce evidence explaining the legal significance of the attorney's failure and the impact this had on the underlying action." Id.

This court previously has explained that, as a general matter, expert testimony is necessary in legal malpractice cases in order to establish the standard of care, against which the attorney's conduct should be evaluated by the jury. See, e.g., *Grimm* v. *Fox*, supra, 303 Conn. 329–30.[11] We conclude that, although there will be exceptions in obvious cases,[12] expert testimony also is a general requirement for establishing the element of causation in legal malpractice cases.[13] Because a

determination of what result should have occurred if the attorney had not been negligent usually is beyond the field of ordinary knowledge and experience possessed by a juror, expert testimony generally will be necessary to provide the essential nexus between the attorney's error and the plaintiff's damages.[14] See, e.g., *Kranis* v. *Scott*, 178 F. Supp. 2d 330, 334 (E.D.N.Y. 2002) (expert testimony on causation in legal malpractice cases is required unless connection falls within ordinary experience of fact finder); *Allen* v. *Martin*, 203 P.3d 546, 569 (Colo. App. 2008) ("causation in a legal malpractice action must be proved by expert testimony, unless causation is within the jury's common understanding"), cert. denied, Colorado Supreme Court, Docket No. 08SC592 (March 2, 2009); *Samuel* v. *Hepworth, Nungester & Lezamiz, Inc.*, 134 Idaho 84, 88–89, 996 P.2d 303 (2000) (expert testimony on causation in legal malpractice case is required when factors involved are not within ordinary knowledge and experience of laypersons); *Meyer* v. *Purcell*, 405 S.W.3d 572, 578 (Mo. App. 2013) ("[e]xpert testimony is required to prove proximate causation in [connection with] legal malpractice claims except in a 'clear and palpable' case"); *Carbone* v. *Tierney*, 151 N.H. 521, 528, 864 A.2d 308 (2004) ("expert testimony on proximate cause is required in [legal malpractice] cases [in which] determination of that issue is not one that lay people would ordinarily be competent to make" [internal quotation marks omitted]); 5 R. Mallen & J. Smith, supra, § 33.17, p. 138 (in legal malpractice cases in which causation is not obvious, "expert testimony may be essential to provide the nexus between the error and damage"); see also *LePage* v. *Horne*, 262 Conn. 116, 125–26, 809 A.2d 505 (2002) (in medical malpractice context, expert testimony was required because it was beyond field of ordinary knowledge and experience of jurors to understand standard of care).

In the present case, from the perspective of a lay juror, the causal link between the plaintiff's allegations of negligence and the plaintiff's criminal convictions is far from obvious. Specifically, even if the defendant's omissions or conduct were shown to be negligent, it would be entirely unclear to a jury that those omissions or conduct, rather than the plaintiff's commission of the charged crimes and the resulting evidence of her guilt, were the proximate cause of the plaintiff's convictions. Stated otherwise, even if the defendant had done everything that the plaintiff now claims she should have done differently over the course of the plaintiff's criminal trial, the state's case might have been strong enough that the defendant still would have been convicted. Without any specialized knowledge of criminal law and procedure, specifically, the statutes proscribing the charged offenses and the rules governing the undertaking of a criminal trial, the jurors would be unable to determine, in light of the case the state presented,

whether the alternative strategies suggested by the plaintiff had a viable chance of succeeding.[15] Accordingly, expert testimony was necessary for the plaintiff to show that the actions she alleges the defendant should have taken were likely to have led to the plaintiff's acquittal. Cf. *Wayt* v. *Miller*, 64 Fed. Appx. 697, 700 (10th Cir. 2003) (in legal malpractice action, expert testimony was required to establish whether challenge to asset forfeiture, if timely filed, would have been successful); *Carbone* v. *Tierney*, supra, 151 N.H. 529 (expert testimony was required to prove that dismissal of state and federal actions, due to attorney's "egregious" conduct, harmed plaintiff, because plaintiff needed to show that he otherwise would have prevailed in those actions).

Notably, many of the plaintiff's allegations of negligence concern matters of pretrial preparation and trial strategy. It is true that "[l]egal malpractice may include an attorney's failure to exercise ordinary care in preparing, managing, and presenting litigation. . . . But [d]ecisions of which witnesses to call, what testimony to obtain or when to cross-examine almost invariably are matters of judgment. . . . As such, the wisdom *and consequences* of these kinds of tactical choices made during litigation are generally matters beyond the ken of most jurors. *And when the causal link is beyond the jury's common understanding, expert testimony is necessary.*" (Citations omitted; emphasis added; internal quotation marks omitted.) *Alexander* v. *Turtur & Associates, Inc.*, 146 S.W.3d 113, 119–20 (Tex. 2004); see also *Shields* v. *Campbell*, 277 Or. 71, 79, 559 P.2d 1275 (1977) (expert testimony was required to establish whether attorney's introduction of documentary evidence in underlying case would have resulted in trial outcome more favorable to plaintiff).

As a final matter, we reject the plaintiff's claim that the only way to prove causation in this malpractice action was to call as witnesses the jurors from her criminal trial, and elicit from them testimony regarding how they would have voted if the case had been defended differently.[16] When establishing causation in a legal malpractice action through the case within a case method, "the objective . . . is to determine what the result *should have* been (an objective standard) not what the result *would have* been by a particular judge or jury (a subjective standard)."[17] (Emphasis in original.) 5 R. Mallen & J. Smith, supra, § 33.8, p. 70. Accordingly, the introduction of testimony by the fact finder from the underlying proceedings is improper, as it would inject an impermissible subjective causation standard into the malpractice action. Cf. *Hirschberger* v. *Silverman*, 80 Ohio App. 3d 532, 540–41, 609 N.E.2d 1301 (1992) (court precluded testimony of judges regarding how plaintiff's case would have been different in absence of attorney's alleged malpractice).

In complex legal malpractice matters, "expert testimony is necessary to keep the jury from speculating on how the client's loss or injury is *directly linked* to that which he claims was the breach of duty by the attorney." (Emphasis in original.) *Van Sommeren* v. *Gibson*, 991 N.E.2d 1199, 1208 (Ohio App. 2013). Without such testimony to indicate how the result of the underlying proceeding should have differed if not for the alleged negligence, "the [fact finder] would be compelled to speculate as to proximate causation . . . ." *Corey* v. *Norman, Hanson & DeTroy*, 742 A.2d 933, 940 (Me. 1999). We conclude that the present case, which raised the complex question of how the result of a criminal trial might have differed if defense counsel had done a number of things differently, required an expert to prevent the jury from speculating as to the answer to that question.

The judgment of the Appellate Court is affirmed.

In this opinion the other justices concurred.

* This case originally was scheduled to be argued before a panel of this court consisting of Chief Justice Rogers and Justices Palmer, Zarella, Eveleigh, McDonald, Espinosa and Robinson. Although Chief Justice Rogers was not present at oral argument, she has read the briefs and appendices, and has listened to a recording of oral argument prior to participating in this decision.

[1] We granted the plaintiff's petition for certification to appeal from the judgment of the Appellate Court, limited to the following question: "Did the Appellate Court properly affirm the trial court's grant of summary judgment in favor of the defendant on the basis that the plaintiff's failure to disclose an expert witness in support of her claims was a material fact to an essential element of her cause of action?" *Bozelko* v. *Papastavros*, 317 Conn. 909, 115 A.3d 1105 (2015).

[2] The plaintiff also contends that (1) the defendant's counsel improperly interfered with her attempt to secure an expert witness, entitling her to equitable relief from either this court or the trial court, (2) requiring an indigent party to retain an expert for a legal malpractice claim constitutes a denial of due process, (3) the defendant or the defendant's expert witness could have served as the plaintiff's expert witness, (4) the defendant engaged in discovery abuses, (5) the trial court should have allowed discovery to proceed before ruling on the defendant's summary judgment motion, and (6) her allegations regarding misrepresentation did not require expert testimony. We decline to reach each of these claims for one or more of the following reasons. The claim is beyond the scope of the certified question; see, e.g., *Swenson* v. *Sawoska*, 215 Conn. 148, 151 n.3, 575 A.2d 206 (1990); the claim was not raised in or decided by the Appellate Court; see, e.g., *State* v. *Fauci*, 282 Conn. 23, 26 n.1, 917 A.2d 978 (2007); the record is inadequate to review the claim; see, e.g., *Deutsche Bank National Trust Co.* v. *Bertrand*, 140 Conn. App. 646, 654, 59 A.3d 864, cert. dismissed, 309 Conn. 905, 68 A.3d 661 (2013); and/or the claim has been inadequately briefed. See, e.g., *Stafford* v. *Roadway*, 312 Conn. 184, 188 n.4, 93 A.3d 1058 (2014).

[3] The plaintiff was convicted of offenses charged in four separate case files. *State* v. *Bozelko*, 119 Conn. App. 483, 485, 987 A.2d 1102, cert. denied, 295 Conn. 916, 990 A.2d 867 (2010). In the first case, the plaintiff was convicted of attempt to commit larceny in the first degree, identity theft in the first degree, attempt to commit illegal use of a credit card, and forgery in the third degree. Id., 485–86. In the second case, the plaintiff was convicted of larceny in the third degree, identity theft in the third degree, illegal use of a credit card, and forgery in the third degree. Id., 486. In the third case, the plaintiff was convicted of attempt to commit larceny in the fifth degree, attempt to commit illegal use of a credit card, and identity theft in the third degree. Id. In the fourth case, the plaintiff was convicted of larceny in the fifth degree, illegal use of a credit card, and identity theft in the third degree. Id.

[4] The plaintiff also alleged negligent infliction of emotional distress but

subsequently withdrew that claim.

[5] For the most part, these allegations were made in the context of both her legal malpractice and breach of fiduciary duty claims.

[6] Practice Book § 13-4 (a) provides in relevant part: "A party shall disclose each person who may be called by that party to testify as an expert witness at trial, and all documents that may be offered in evidence in lieu of such expert testimony, in accordance with this section. . . ."

Pursuant to Practice Book § 13-4 (h), a court may impose sanctions on a party for its failure to comply with the disclosure requirement, including the sanction of precluding the introduction of expert testimony at trial.

[7] The court determined that expert testimony also was necessary to prove the plaintiff's claim of breach of fiduciary duty.

[8] The plaintiff also raised claims concerning the sufficiency of the affidavit submitted by the defendant in support of her summary judgment motion, the timing of the trial court's resolution of the parties' discovery disputes and the constitutionality of requiring indigent civil litigants to retain expert witnesses. *Bozelko* v. *Papastavros*, 156 Conn. App. 124, 133, 134, 137, 111 A.3d 966 (2015). The Appellate Court rejected the affidavit and discovery claims; id., 134, 136–37; and declined to review the constitutional claim. Id., 137–38. Although the plaintiff has pursued these claims on appeal to this court, they are not proper subjects of this appeal. See footnote 2 of this opinion.

[9] Because the plaintiff's failure to produce an expert to testify as to causation was fatal to her claims, we need not address her argument as to the applicability of the gross negligence exception, which, when applicable, renders expert testimony unnecessary to prove a breach of the standard of care. See *Alexander* v. *Turtur & Associates, Inc.*, 146 S.W.3d 113, 119 (Tex. 2004) ("[b]reach of the standard of care and causation are separate inquiries . . . and an abundance of evidence as to one cannot substitute for a deficiency of evidence as to the other").

[10] Similarly, a plaintiff alleging a breach of fiduciary duty must show that any damages sustained were proximately caused by the fiduciary's breach of his or her fiduciary duty. See, e.g., *Rossman* v. *Morasco*, 115 Conn. App. 234, 243, 974 A.2d 1, cert. denied, 293 Conn. 923, 980 A.2d 912 (2009); see also T. Merritt, 16 Connecticut Practice Series: Elements of an Action (2015–2016 Ed.) § 8:1, p. 670.

[11] "There is an exception to this rule, however, [when] there is such an obvious and gross want of care and skill that neglect is clear even to a lay person." (Internal quotation marks omitted.) *Grimm* v. *Fox*, supra, 303 Conn. 330. This exception "is limited to situations in which the . . . attorney essentially has done nothing whatsoever to represent his or her client's interests . . . ." (Internal quotation marks omitted.) Id.

[12] See, e.g., *Sommers* v. *McKinney*, 287 N.J. Super. 1, 14, 670 A.2d 99 (App. Div. 1996) (expert testimony was unnecessary to establish causal connection between attorney's charge for services not performed and plaintiff's receipt of lesser proceeds from settlement check); but cf. *Meyer* v. *Mulligan*, 889 P.2d 509, 516 (Wyo. 1995) (expert testimony was required to prove that drafting corporate and transactional documents differently would have prevented subsequent dispute and damages resulting therefrom).

[13] Although this court apparently never has addressed the issue squarely; but see *Grimm* v. *Fox*, supra, 303 Conn. 352 (*Palmer, J.*, concurring) (to prevail on legal malpractice claim, "the plaintiff would be required to prove not only that the defendants were negligent in their handling of [the plaintiff's] appeal, but also that [the] appeal would have been successful if the defendants had represented him competently"); the Appellate Court has held on numerous occasions that expert testimony is necessary to establish causation in legal malpractice cases. See, e.g., *Law Offices of Robert K. Walsh, LLC* v. *Natarajan*, 124 Conn. App. 860, 863–64, 7 A.3d 391 (2010); *Byrne* v. *Grasso*, 118 Conn. App. 444, 451–52, 985 A.2d 1064 (2009), cert. denied, 294 Conn. 934, 987 A.2d 1028 (2010); *Vona* v. *Lerner*, 72 Conn. App. 179, 189, 804 A.2d 1018 (2002), cert. denied, 262 Conn. 938, 815 A.2d 138 (2003); *Solomon* v. *Levett*, 30 Conn. App. 125, 128, 618 A.2d 1389 (1993); *Somma* v. *Gracey*, 15 Conn. App. 371, 374–75, 544 A.2d 668 (1988). This requirement initially was imported, without discussion, from the medical malpractice context. See *Campbell* v. *Pommier*, 5 Conn. App. 29, 32, 496 A.2d 975 (1985) (citing medical malpractice cases).

[14] Because this case was claimed for a jury trial, we leave for another day the question of whether a different rule should apply in a trial to the court.

[15] It bears emphasizing that the plaintiff stands convicted, beyond a reasonable doubt, of fourteen offenses and that her previous direct appeal and

habeas action both were unsuccessful. The decisions disposing of these actions indicate that the evidence against the plaintiff was compelling. See *State* v. *Bozelko*, supra, 119 Conn. App. 487–89 (discussing facts underlying defendant's criminal convictions); *Bozelko* v. *Warden*, Superior Court, judicial district of Tolland, Docket No. TSR-CV-10-4003804-S (August 13, 2013) (same), appeal dismissed sub nom. *Bozelko* v. *Commissioner of Correction*, 156 Conn. App. 901, 110 A.3d 548, cert. denied, 317 Conn. 904, 114 A.3d 1219 (2015). The plaintiff's allegations in support of her claims of ineffective assistance in her unsuccessful habeas petition are similar to the allegations made in the present case. Although the habeas court concluded that the defendant had not performed deficiently, it also concluded that, "perhaps more significantly," the plaintiff had not shown prejudice, "even if [the defendant] had represented the [plaintiff] as she now claims she should have." *Bozelko* v. *Warden*, supra. In particular, the habeas court noted the plaintiff's failure to establish what favorable testimony different cross-examination would have yielded, or to establish that certain unfiled motions were warranted and could have succeeded. Id. It also emphasized "the devastating quality of the evidence stacked against the [plaintiff]" and "[t]he copious nature of that incriminating evidence," and concluded that "[t]he strength of the prosecution led, inexorably, to the [plaintiff's] convictions." Id. In summarizing, the habeas court concluded that "[t]he allegations against [the defendant were] trivial and inconsequential in light of the crushing evidence of [the plaintiff's] guilt." Id. Given the apparent strength of the state's evidence, expert testimony was necessary to show how a different result than a conviction reasonably could have been obtained. See, e.g., *Vort* v. *Hollander*, 257 N.J. Super. 56, 61, 607 A.2d 1339 (App. Div.) (observing that, in light of trial court's assessment of plaintiff's underlying action as nonmeritorious, expert testimony "[c]learly" was required to prove causation in subsequent legal malpractice action), cert. denied, 130 N.J. 599, 617 A.2d 1221 (1992).

[16] In light of the fact that the plaintiff was convicted, following her plea under *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), of attempting to tamper with several jurors in the criminal matters underlying this malpractice action; see *Bozelko* v. *Commissioner of Correction*, 162 Conn. App. 716, 718–20, 133 A.3d 185, cert. denied, 320 Conn. 926, 133 A.3d 458 (2016); her argument is, to say the least, questionable.

[17] "Under a subjective standard . . . the arbiter from the first [action] would be asked to testify concerning the effect, if any, of the attorney's actions on the outcome of the underlying case. Under an objective standard, the trier in the malpractice [action] views the first [action] from the standpoint of what a reasonable judge or jury would have decided, but for the attorney's negligence." *Phillips* v. *Clancy*, 152 Ariz. 415, 418, 733 P.2d 300 (App. 1986).