******************************************************

The ''officially released'' date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the ''officially released'' date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

*Syllabus*

The plaintiff sought to recover damages from the defendant attorney, D, and her law firm, for, inter alia, legal malpractice in connection with D's representation of the plaintiff at her sentencing hearing. Following the plaintiff's conviction of various crimes, the trial court granted the motion of the plaintiff's prior counsel to withdraw and continued the plaintiff's sentencing hearing to December 7, 2007, so that she could hire new counsel to represent her. The court expressly informed the plaintiff that she would be sentenced on that date, that it would not consider any further requests for continuances of sentencing and that she should be prepared to be sentenced on the scheduled date. Thereafter, the plaintiff retained D to represent her. On December 7, 2007, the trial court held the sentencing hearing as scheduled, during which it heard from the assistant state's attorney and D, offered the plaintiff the opportunity to speak on her own behalf, which she declined, and sentenced the plaintiff. The plaintiff thereafter commenced the present action against the defendants, who filed a motion for summary judgment on the ground that the plaintiff had failed to disclose an expert witness to testify that D had breached the standard of care in representing her or that any such breach had proximately caused her alleged injuries. In opposition to the motion for summary judgment, the plaintiff argued, inter alia, that the allegations in her complaint fit the gross negligence exception to the expert testimony requirement for legal malpractice claims. The trial court granted the defendants' motion for summary judgment and rendered thereon, concluding that D had not been grossly negligent in her representation of the plaintiff, and, therefore, that the plaintiff's failure to disclose an expert witness was fatal to her claim. On the plaintiff's appeal to this court, *held* that the trial court properly rendered summary judgment in favor of the defendants, as the plaintiff failed to disclose an expert witness to testify that her alleged injuries were caused by D's allegedly grossly negligent representation of her: even if this court assumed that D did not advise the plaintiff that she would be sentenced on December 7, 2007, and that D was grossly negligent in not doing so, the plaintiff failed to show that such alleged negligence caused her to be unprepared for sentencing on that date, as the sentencing court was unequivocal in its advisement to the plaintiff that she would be sentenced on the scheduled date, regardless of who her attorney was at that time, that requests for further continuances would not be considered, and that she should be ready to be sentenced on that date, and, therefore, the plaintiff failed to demonstrate either required component of causation for her legal malpractice claim, namely, that she would have been prepared for sentencing on the scheduled date but for D's conduct, or that D's conduct was a substantial factor in causing her to be unprepared for sentencing on that date; moreover, there was a clear absence of an unbroken sequence of events that tied the plaintiff's injuries to D's conduct, and the causal link between the alleged negligence of D and the plaintiff's alleged injuries was not so obvious as to negate the need for expert testimony on that issue.

Argued September 21—officially released November 27, 2018

*Procedural History*

Action to recover damages for, inter alia, legal malpractice, and for other relief, brought to the Superior Court in the judicial district of New London, where the court, *Bates, J.*, granted the defendants' motion for summary judgment and rendered judgment thereon, from which the plaintiff appealed to this court.

*Affirmed.*

*Chandra Bozelko*, self-represented, the appellant (plaintiff).

*Michele C. Wojcik*, for the appellees (defendants).

*Opinion*

SHELDON, J. In this legal malpractice action, the plaintiff, Chandra Bozelko, appeals from the summary judgment rendered by the trial court in favor of the defendants, Tina Sypek D'Amato and the Law Offices of Tina Sypek D'Amato. The trial court granted the defendants' motion for summary judgment on the ground that the plaintiff had failed to disclose an expert witness in support of her malpractice claim. The plaintiff challenges the summary judgment on the grounds that expert testimony was unnecessary to prove her claim of legal malpractice because her allegations against D'Amato fit the gross negligence exception to the expert testimony requirement for legal malpractice claims and expert testimony is not required when a legal malpractice case is tried to the court rather than to a jury. Because the plaintiff failed to disclose an expert witness who would testify that her alleged injury was caused by D'Amato's alleged grossly negligent representation of her, we affirm the judgment of the trial court.

The following procedural history is relevant to this appeal. In October, 2007, following a criminal jury trial, the plaintiff was convicted of fourteen offenses[1] and acquitted of eight others. On November 19, 2007, when the court, *Cronan, J.*, granted the motion of the plaintiff's prior counsel to withdraw and continued the plaintiff's sentencing hearing to December 7, 2007, so that she might hire new counsel to represent her at that hearing, it expressly informed the plaintiff that she would be sentenced on December 7, 2007, that it would not consider any further requests for continuances of sentencing beyond that date, and, thus, that she should be ready to be sentenced on that date. Thereafter, at some point in late November, the plaintiff retained D'Amato to represent her. D'Amato filed a motion for a new trial on behalf of the plaintiff. On December 7, 2007, before proceeding with the previously scheduled sentencing hearing, the court heard argument on the plaintiff's motion for a new trial. Despite D'Amato's request for an evidentiary hearing on that motion, which she asked to be held at a later date, the court heard argument on the motion and denied it from the bench without an evidentiary hearing. Thereafter, the court proceeded with the sentencing hearing, at which it heard from the assistant state's attorney and D'Amato, offered the plaintiff the opportunity to speak on her own behalf, which she declined, and then sentenced the plaintiff to a total effective sentence of ten years imprisonment, execution suspended after five years, and four years of probation. The plaintiff's convictions were later upheld on direct appeal. *State* v. *Bozelko*, 119 Conn. App. 483, 510, 987 A.2d 1102, cert. denied, 295 Conn. 916, 990 A.2d 867 (2010), cert. denied,      U.S.      , 134 S. Ct. 1314, 188 L. Ed. 2d 331 (2014).

The plaintiff filed this action against the defendants by way of a complaint dated July 15, 2011, alleging legal malpractice, breach of fiduciary duty and negligent infliction of emotional distress. The trial court granted the defendants' motion to strike the plaintiff's claims of breach of fiduciary duty and negligent infliction of emotional distress. The defendants thereafter moved for summary judgment on the plaintiff's legal malpractice claim against them on the ground that the plaintiff had failed to disclose an expert witness to testify that D'Amato had breached the standard of care in representing the plaintiff or that any such breach had proximately caused any of the plaintiff's alleged injuries. In opposition to the defendants' motion for summary judgment, the plaintiff argued that her allegations fit the gross negligence exception to the expert testimony requirement for legal malpractice claims. The plaintiff also argued that expert testimony was unnecessary in this case because the case would not be tried to a jury but, rather, to the court, which assertedly had no need for expert testimony to help it understand and decide the merits of her legal malpractice claims because it was "not a layperson." The court rejected the plaintiff's arguments, concluding that D'Amato had not been grossly negligent in her representation of the plaintiff and, thus, that the plaintiff's failure to disclose an expert was fatal to her legal malpractice claim. The court therefore rendered summary judgment in favor of the defendants, and this appeal followed.

We begin with general principles of law and the standard of review. "Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that the party is, therefore, entitled to judgment as a matter of law. . . . Our review of the trial court's decision to grant [a] motion for summary judgment is plenary. . . . Summary judgment in favor of a defendant is proper when expert testimony is necessary to prove an essential element of the plaintiff's case and the plaintiff is unable to produce an expert witness to provide such testimony. . . .

"Malpractice is commonly defined as the failure of one rendering professional services to exercise that degree of skill and learning commonly applied under all the circumstances in the community by the average prudent reputable member of the profession *with the result of injury, loss, or damage* to the recipient of those services . . . . Generally, a plaintiff alleging

legal malpractice must prove all of the following elements: (1) the existence of an attorney-client relationship; (2) the attorney's wrongful act or omission; (3) *causation*; and (4) damages. . . .

"The essential element of causation has two components. The first component, causation in fact, requires us to determine whether the injury would have occurred but for the defendant's conduct. . . . The second component, proximate causation, requires us to determine whether the defendant's conduct is a substantial factor in bringing about the plaintiff's injuries. . . . That is, there must be an unbroken sequence of events that tied [the plaintiff's] injuries to the [defendant's conduct]. . . . This causal connection must be based [on] more than conjecture and surmise. . . . [N]o matter how negligent a party may have been, if his negligent act bears no [demonstrable] relation to the injury, it is not actionable . . . .

"The existence of the proximate cause of an injury is determined by looking from the injury to the negligent act complained of for the necessary causal connection. . . . In legal malpractice actions arising from prior litigation, the plaintiff typically proves that the . . . attorney's professional negligence caused injury to the plaintiff by presenting evidence of what would have happened in the underlying action had the [attorney] not been negligent. This traditional method of presenting the merits of the underlying action is often called the case-within-a-case. . . . More specifically, the plaintiff must prove that, in the absence of the alleged breach of duty by her attorney, the plaintiff would have prevailed [in] the underlying cause of action and would have been entitled to judgment. . . . To meet this burden, the plaintiff must produce evidence explaining the legal significance of the attorney's failure and the impact this had on the underlying action." (Citations omitted; footnote omitted; internal quotation marks omitted.) *Bozelko* v. *Papastavros*, 323 Conn. 275, 282–84, 147 A.3d 1023 (2016).

Here, the plaintiff has abandoned any claim that the sentence that she received was enhanced by D'Amato's representation of her at her sentencing hearing. She is not claiming that but for D'Amato's allegedly gross negligence, she would have received a better or different sentence from the court. Rather, her claim focuses exclusively on certain emotional and inconvenience costs she claims to have arisen from D'Amato's alleged failure to advise her that she would be sentenced on December 7, 2007. She claims that "what would have been different would have been [her] mindset and personal preparation for the day." The plaintiff argued to this court that her claim is that D'Amato was grossly negligent in telling her that she might not be sentenced on December 7, 2007, and that because of that representation, she was surprised when she was, in fact, sen-

tenced and remanded to the custody of the Commissioner of Correction on that day.

Even if this court were to assume that D'Amato did not advise the plaintiff that she would be sentenced on December 7, 2007, and that she was grossly negligent in not doing so, the plaintiff has failed to show that such alleged negligence caused her to be unprepared for sentencing on that date. This is because the sentencing court was unequivocal in its advisement to the plaintiff that she would be sentenced on December 7, 2007, regardless of who her attorney was at that time, that requests for further continuances would not be considered, and that she should be ready to be sentenced on that date. The plaintiff has failed to demonstrate either required component of causation—that she would have been prepared for sentencing on December 7, 2007, but for D'Amato's conduct, or that D'Amato's conduct was a substantial factor in causing her to be unprepared for sentencing on that day. There is a clear absence of an unbroken sequence of events that tied the plaintiff's injuries to D'Amato's conduct, and the causal link between the alleged negligence of D'Amato and the plaintiff's alleged injuries is not so obvious as to negate the need for expert testimony on that issue. We thus agree with the trial court that the plaintiff's failure to disclose an expert witness was fatal to her legal malpractice claim. Therefore, the trial court properly rendered summary judgment in favor of the defendants.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The plaintiff was convicted of offenses charged in four separate case files. *State* v. *Bozelko*, 119 Conn. App. 483, 485, 987 A.2d 1102, cert. denied, 295 Conn. 916, 990 A.2d 867 (2010), cert. denied,    U.S.    , 134 S. Ct. 1314, 188 L. Ed. 2d 331 (2014). In the first case, the plaintiff was convicted of attempt to commit larceny in the first degree, identity theft in the first degree, attempt to commit illegal use of a credit card, and forgery in the third degree. Id., 485–86. In the second case, the plaintiff was convicted of larceny in the third degree, identity theft in the third degree, illegal use of a credit card, and forgery in the third degree. Id., 486. In the third case, the plaintiff was convicted of attempt to commit larceny in the fifth degree, attempt to commit illegal use of a credit card, and identity theft in the third degree. Id. In the fourth case, the plaintiff was convicted of larceny in the fifth degree, illegal use of a credit card, and identity theft in the third degree. Id.