24-997-cv
Rodowicz v. Feldman, Perlstein & Greene, LLC

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of March, two thousand twenty-five.

PRESENT:
> AMALYA L. KEARSE,
> ROBERT D. SACK,
> EUNICE C. LEE,
> > *Circuit Judges.*

_____

Carter Rodowicz,

> *Plaintiff-Counter-Defendant-Appellant*,

> v.                                                                          24-997

Feldman, Perlstein & Greene, LLC,

> *Defendant-Counter-Claimant-Appellee.*

_____

FOR PLAINTIFF-COUNTER-
DEFENDANT-APPELLANT:

Carter Rodowicz, pro se, Port St.
Lucie, FL.

FOR DEFENDANT-COUNTER-
CLAIMAINT-APPELLEE:

Jonathan C. Zellner, Ryan V. Nobile,
Ryan Ryan Deluca LLP, Bridgeport,
CT.

Appeal from a March 25, 2024 judgment of the United States District Court for the District of Connecticut (Jeffrey Alker Meyer, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Carter Rodowicz brought this pro se lawsuit against Feldman, Perlstein & Greene, LLC ("Feldman"), alleging, *inter alia*, that Feldman had committed legal malpractice in its representation of him in a state court dispute related to his mother's trust.

After the district court dismissed most of Rodowicz's claims under Federal Rule of Civil Procedure 12, his Connecticut state-law claim of legal malpractice was the sole surviving claim. *See Rodowicz v. Feldman, Perlstein & Greene, LLC*, No. 3:20-cv-00777, 2021 WL 3290706 (D. Conn. Aug. 2, 2021). The court then granted summary judgment to Feldman. *See Rodowicz v. Feldman, Perlstein & Greene, LLC*, No. 3:20-cv-00777, 2024 WL 1256044 (D. Conn. Mar. 25, 2024). Rodowicz moved

2

for reconsideration, which was denied. He then timely appealed. We assume the parties' familiarity with the other relevant facts, the procedural history, and the issues on appeal.[1]

## I.    Dismissal Order

Rodowicz does not challenge the district court's dismissal under Rule 12 of three of his four claims against Feldman. Therefore, any issues relating to those claims are forfeited. *See Green v. Dep't of Educ. of N.Y.C.*, 16 F.4th 1070, 1074 (2d Cir. 2021) (per curiam) (providing that issues not raised in an appellant's opening brief are deemed abandoned).

## II.    Summary Judgment Decision

We review a district court's grant of summary judgment de novo, construing the record in the light most favorable to the non-moving party and resolving ambiguities and drawing all reasonable inferences against the moving party. *Kee v. City of New York*, 12 F.4th 150, 157–58 (2d Cir. 2021). Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any

---

[1] When this appeal was filed, there remained pending in the district court a counterclaim filed by Feldman against Rodowicz, making this appeal premature, *see generally* 28 U.S.C. § 1291. However, Feldman advised this Court that it would withdraw its counterclaim, and it did so on February 17, 2025. Accordingly, "we deem the jurisdictional defect cured." *Hanlin v. Mitchelson*, 794 F.2d 834, 837 (2d Cir. 1986).

material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a). We may affirm the grant of summary judgment only if, resolving all

ambiguities and drawing all permissible factual inferences in favor of Rodowicz,

we determine that no rational trier of fact could find for him. *Bellamy v. City of New*

*York*, 914 F.3d 727, 744 (2d Cir. 2019).

"Generally, a plaintiff alleging legal malpractice must prove all of the

following elements: (1) the existence of an attorney-client relationship; (2) the

attorney's wrongful act or omission; (3) causation; and (4) damages." *Bozelko v.*

*Papastavros*, 147 A.3d 1023, 1028 (Conn. 2016) (emphasis and internal quotation

marks omitted). Connecticut's highest court has held that:

> although there will be exceptions in obvious cases, expert testimony . . .
> is a general requirement for establishing the element of causation in legal
> malpractice cases [and,] [b]ecause a determination of what result should
> have occurred if the attorney had not been negligent usually is beyond
> the field of ordinary knowledge and experience possessed by a juror,
> expert testimony generally will be necessary to provide the essential
> nexus between the attorney's error and the plaintiff's damages.

*Id.* at 1029–30. However, expert testimony is not required, for example, when a

default judgment is rendered against someone whose lawyer has "allegedly done

absolutely nothing to protect him," and the lawyer's "alleged failure to take any

action whatsoever to protect the interests of the [client] is conduct that involves

4

such an obvious and gross want of care and skill that the neglect would be clear even to a layperson." *Paul v. Gordon*, 754 A.2d 851, 853 (Conn. App. Ct. 2000).

The district court properly ruled that this was not a case in which neglect would be clear to a layperson. Rodowicz's claim of legal malpractice required expert evidence, without which a layperson would not understand the standard of care or causation, because his claim pertained to "extended proceedings" concerning "a complex case about the administration of a trust." *Rodowicz*, 2024 WL 1256044, at *3. The facts here are not comparable to a scenario in which legal counsel did "absolutely nothing" for a client, such that counsel's responsibilities, and alleged shortcomings, would be obvious to a lay juror without the benefit of expert testimony to contextualize the issues.

Rodowicz did not identify, or state that he would call, an expert witness and, even after Feldman moved for summary judgment based on the absence of an expert witness, Rodowicz still did not obtain one. Although Rodowicz tries to blame the district court and opposing counsel for his failure to identify an expert witness, it was not the judge's or opponent's responsibility to ensure that Rodowicz was aware of the elements of his claim. *See Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003) (the fact that a plaintiff is proceeding pro se

does not relieve him of his "duty to meet the requirements necessary to defeat a motion for summary judgment") (internal quotation marks omitted). On this record, we agree with the district court that Feldman was entitled to summary judgment.

### III. Denial of Request for Extension to Obtain Expert

Rodowicz argues that he would have obtained an expert witness if he had understood that he needed one, and the district court erred in denying his request for a 30-day extension to obtain one.

"We review for abuse of discretion a district court's denial of additional time to conduct discovery." *1077 Madison St., LLC v. Daniels*, 954 F.3d 460, 463 (2d Cir. 2020). "Requests for discovery in the face of motions for summary judgment put forth by parties who were dilatory in pursuing discovery are disfavored." *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1139 (2d Cir. 1994). Under Federal Rule of Civil Procedure 56(d), a "party resisting summary judgment on the ground that it needs additional discovery in order to defeat the motion" must support a request for an extension of time with an affidavit setting forth "(1) what facts are sought and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort affiant has made

6

to obtain them, and (4) why the affiant was unsuccessful in those efforts." *Elliott v. Cartagena*, 84 F.4th 481, 493 (2d Cir. 2023) (internal quotation marks omitted).

The district court did not abuse its discretion in denying Rodowicz's September 2023 request for an additional 30 days to obtain an expert. In August 2021, the district court agreed to a deadline of June 1, 2022 for Rodowicz to designate any trial experts. In October 2022, the court extended that deadline to December 1, 2022. In April 2023, the court granted Rodowicz a new deadline of July 3, 2023. Rodowicz thus had some two years of discovery proceedings to do the necessary research and obtain an expert witness, and at no point during this period did he identify any expert witnesses or detail efforts to obtain such a witness. Further, Feldman's motion for summary judgment put him on notice of the issue and, even then, he still did not obtain an expert. Under the circumstances, the district court did not abuse its discretion because Rodowicz did not: (1) file a Rule 56(d) affidavit presenting the necessary information, (2) show good cause for his delay, (3) identify an expert who would testify for him, or (4) demonstrate that prejudice would result if an extension were not granted because he has never shown that an expert would testify in his favor.

7

## IV.    Denial of Reconsideration

We review a denial of reconsideration for abuse of discretion.  *See Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012).  "A motion for reconsideration is an extraordinary request that is granted only in rare circumstances, such as where the court failed to consider evidence or binding authority."  *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019).  A court may grant a Rule 59(e) motion "only when the movant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 142 (2d Cir. 2020) (alterations adopted and internal quotation marks omitted).  Rodowicz has made no such showing.  Accordingly, the district court did not abuse its discretion in denying his motion for reconsideration.

We have considered Rodowicz's remaining arguments and conclude they are without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8