Opinion issued March 7, 2019



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-17-00883-CV

_____

**TYRONE TANNER, Appellant**

**V.**

**KATHLEEN BLACK, Appellee**

On Appeal from the 434th District Court
Fort Bend County, Texas
Trial Court Case No. 12-DCV-198557

## MEMORANDUM OPINION

Appellant Tyrone Tanner sued appellee Kathleen Black, alleging various causes of action arising out of her service as a court-appointed amicus attorney during his divorce and custody case. Initially, Tanner brought suit individually and as next friend of his minor daughter. After Black filed a motion for Tanner to show

authority to act as next friend of his child, the trial court struck all of Tanner's pleadings, dismissed the case, and awarded Black attorney's fees and costs of court as a sanction. Tanner appealed, and this Court concluded that the trial court erred by striking Tanner's individual pleadings and awarding sanctions, reversed the sanctions order, and remanded the case for further proceedings. *Tanner v. Black*, 464 S.W.3d 23, 28–29 (Tex. App.—Houston [1st Dist.] 2015, no pet.).

On remand, Black filed a no-evidence and traditional motion for summary judgment, and the trial court granted the motion without specifying the grounds. Asserting two issues, Tanner appeals again. Because the trial court properly granted summary judgment, we affirm.

## Background

In 2008, the 328th District Court appointed attorney Kathleen Black to serve as an amicus attorney in Tyrone Tanner's divorce case, which involved a conservatorship dispute over his minor daughter. The appointment order provided that Tanner and his now-former wife Keisha would each pay one half of Black's fees and expenses. The final decree of divorce was rendered in June of 2010, and Tanner sued Black in May of 2012.

Tanner's live petition asserted the following causes of action against Black: (1) breach of fiduciary duty; (2) negligence; (3) intentional infliction of emotional distress; (4) fraud; and (5) deceptive trade practices. Among other affirmative

2

defenses, Black asserted statutory immunity under section 107.009 of the Texas Family Code. Black also alleged a counterclaim for sanctions, including attorney's fees and costs, asserting that Tanner's suit was groundless and brought in bad faith or for the sole purpose of harassment.

In the no-evidence portion of her summary-judgment motion, Black asserted that no evidence existed on one or more elements of each of Tanner's causes of action or on any of the statutory exceptions to immunity under section 107.009. In her traditional motion, Black asserted that her summary-judgment evidence established her statutory-immunity defense as a matter of law. Black's motion and the trial court's order did not address her counterclaim, but the order states: "This judgment finally disposes of all parties and all claims and is appealable."[1]

In his first issue, Tanner contends that the trial court erred in granting a no-evidence summary judgment on his claims for negligence and intentional infliction

---

[1] Despite Black's unadjudicated counterclaim, because of the summary-judgment order's finality language, the order is final—"erroneous but final"—for purposes of appeal. *Farm Bureau Cty. Mut. Ins. Co. v. Rogers*, 455 S.W.3d 161, 163 (Tex. 2015) (quoting *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001)); *see Lehmann*, 39 S.W.3d at 192–93. Black has not cross-appealed to complain that the summary-judgment order erroneously disposed of her counterclaim. *Cf. Underwater Servs., Inc. v. Offshore Drilling Co.*, No. 01–11–00889–CV, 2013 WL 2096640, at *2 n.2, *6–8 (Tex. App.—Houston [1st Dist.] May 14, 2013, no pet.) (mem. op.) (holding judgment was final and appealable because it contained unmistakable finality language, but reversing and remanding counterclaim not addressed in summary-judgment motions where party complained on appeal that counterclaim was not the subject of any summary-judgment motion).

of emotional distress because he produced more than a scintilla of evidence on each element of those two claims. Tanner also contends that Black's no-evidence motion on his fraud claim was fatally defective.[2] Tanner's second issue contends the trial court erred in granting a traditional summary judgment on Black's affirmative defense of statutory immunity.

## Chapter 107 Amicus Attorney

The Family Code defines an amicus attorney as "an attorney appointed by the court in a suit, other than a suit filed by a governmental entity, whose role is to provide legal services necessary to assist the court in protecting a child's best interests rather than to provide legal services to the child." TEX. FAM. CODE § 107.001(1); *see In re McDaniel*, 408 S.W.3d 389, 399 n.2 (Tex. App.—Houston [1st Dist.] 2011, orig. proceeding). The Family Code describes the many duties of an amicus attorney. *See id.* §§ 107.003, 107.005. Those duties include interviewing the parties and participating in the litigation to the same extent as an attorney for a party. *Id.* § 107.003(a)(1)(A)(iii), (F).

Section 107.009 provides immunity for an amicus attorney appointed under Chapter 107 of the Family Code:

---

[2]    Because Tanner does not complain on appeal about summary judgment on his claims for breach of fiduciary duty and deceptive trade practices, we need not address those two claims.

(a) A guardian ad litem, an attorney ad litem, a child custody evaluator, or an amicus attorney appointed under this chapter is not liable for civil damages arising from an action taken, a recommendation made, or an opinion given in the capacity of guardian ad litem, attorney ad litem, child custody evaluator, or amicus attorney.

(b) Subsection (a) does not apply to an action taken, a recommendation made, or an opinion given:

> (1) with conscious indifference or reckless disregard to the safety of another;
>
> (2) in bad faith or with malice; or
>
> (3) that is grossly negligent or wilfully wrongful.

Immunity under section 107.009 is an affirmative defense. *See Kabbani v. Papadopolous*, No. 01-07-00191-CV, 2009 WL 469546, at *4–5 (Tex. App.—Houston [1st Dist.] Feb. 26, 2009, pet. denied) (mem. op.).

## Standard of Review

An appellate court reviews a trial court's summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). In conducting that review, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). If a trial court grants summary judgment without specifying the grounds for granting the motion, we must uphold the trial court's judgment if any of the asserted

grounds are meritorious. *Beverick v. Koch Power, Inc.*, 186 S.W.3d 145, 148 (Tex. App.—Houston [1st Dist.] 2005, pet. denied).

A party seeking summary judgment may combine in a single motion a no-evidence motion for summary judgment and a traditional motion for summary judgment. *Binur v. Jacobo*, 135 S.W.3d 646, 650–51 (Tex. 2004). When a party has sought summary judgment on both grounds and the trial court's order does not specify its reasons for granting summary judgment, we first review the propriety of the no-evidence summary judgment. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).

To prevail on a no-evidence summary-judgment motion, the movant must assert that there is no evidence to support one or more essential elements of the nonmovant's claim on which the nonmovant would have the burden of proof at trial. *See* TEX. R. CIV. P. 166a(i); *Hahn v. Love*, 321 S.W.3d 517, 523–24 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). The burden then shifts to the nonmovant to present evidence raising a genuine issue of material fact on each of the challenged elements. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006); *Hahn*, 321 S.W.3d at 524; *see* TEX. R. CIV. P. 166a(i).

In reviewing a traditional motion for summary judgment, we must consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all of the evidence presented. *See Goodyear Tire & Rubber Co. v. Mayes*, 236

S.W.3d 754, 755 (Tex. 2007). A defendant moving for summary judgment is required either to negate conclusively at least one essential element of the plaintiff's cause of action or to establish conclusively each element of an affirmative defense. *See Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997).

## Analysis

On Tanner's first issue, which contests the no-evidence summary judgment, we first address Tanner's negligence claim.

**Negligence.** Within her no-evidence motion for summary judgment on Tanner's negligence claim, Black sought summary judgment on the basis that she owed no duty of care to Tanner.

A plaintiff must establish that the defendant owed a legal duty of care to the plaintiff. *See Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009). Absent a legal duty, a defendant cannot be liable. *See Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006). The existence of a duty is a question of law. *Nabors Drilling*, 288 S.W.3d at 404.

An amicus attorney appointed under Chapter 107 does not represent the child or either parent. *See* TEX. FAM. CODE § 107.001(1); *Zeifman v. Nowlin*, 322 S.W.3d 804, 808–09 (Tex. App.—Austin 2010, no pet.) (citing *O'Connor v. O'Connor*, 245 S.W.3d 511, 515 (Tex. App.—Houston [1st Dist.] 2007, no pet.)).

*But see In re S.A.G.*, 403 S.W.3d 907, 910–11 (Tex. App.—Texarkana 2013, pet. denied) (amicus attorney "position is something of a legal will-o'-the-wisp whose client is not defined in the statute (and, thus, whose representative capacity is cloudy)"). An amicus attorney appointed by the court in a suit affecting the parent-child relationship owes no duty of care to either parent. *Zeifman*, 322 S.W.3d at 808–09. Because Black did not owe Tanner a duty of care, the trial court properly granted summary judgment on Tanner's negligence claim.

**Intentional infliction of emotional distress.** To prove a claim for intentional infliction of emotional distress, a plaintiff must establish: (1) the defendant acted intentionally or recklessly; (2) its conduct was extreme and outrageous; (3) its actions caused the plaintiff emotional distress; and (4) the emotional distress was severe. *Kroger Tex. L.P. v. Suberu*, 216 S.W.3d 788, 796 (Tex. 2006). Black's no-evidence motion asserted that Tanner had no evidence of any of the above elements.

"Meritorious claims for intentional infliction of emotional distress are relatively rare precisely because most human conduct, even that which causes injury to others, cannot be fairly characterized as extreme and outrageous." *Id.* The court determines, as a question of law, whether a defendant's conduct was extreme and outrageous. *See Bradford v. Vento*, 48 S.W.3d 749, 758 (Tex. 2001).

On the second element, a plaintiff must prove that the conduct is "'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Tiller v. McLure*, 121 S.W.3d 709, 713 (Tex. 2003) (quoting *Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex. 1993)). Tortious or otherwise wrongful conduct is not, standing alone, "extreme and outrageous" conduct. *Bradford*, 48 S.W.3d at 758. A case of "extreme and outrageous" conduct generally "is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" *A.H. Belo Corp. v. Corcoran*, 52 S.W.3d 375, 383–84 (Tex. App.—Houston [1st Dist.] 2001, pet. denied).

Tanner's complaints about Black's conduct and his summary-judgment affidavit about her conduct are that Black allowed her own history (her abusive marriage that ended in divorce) and her admitted bias (her belief that "children are better with their mothers" and her alleged attempt to influence the court-appointed psychologist to agree with her belief) to dictate her position as amicus attorney on the issue of conservatorship of Tanner's daughter.[3] Tanner asserts that as a result of Black's conduct, the trial court in the divorce case awarded Tanner's former wife the right to determine his daughter's school. We hold that, as a matter of law, this

[3] We express no opinion on the general propriety of Black's alleged conduct as an amicus attorney.

alleged conduct is not sufficient to satisfy the high threshold under Texas law for extreme or outrageous conduct. *See, e.g., Corcoran*, 52 S.W.3d at 383–84 (holding that conduct of television station and reporter, who interviewed mother and child in hiding, in not revealing to father or authorities the location of mother and daughter, was not extreme or outrageous as a matter of law); *Gaspard v. Beadle*, 36 S.W.3d 229, 237–38 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) (holding that attorney's conduct in sending bill to former client shortly after ending his sexual relationship with her was not extreme and outrageous as a matter of law). The trial court properly granted summary judgment on Tanner's claim for intentional infliction of emotional distress.

**Fraud.** Black's no-evidence motion for summary judgment listed the six elements of a fraud claim and stated: "Plaintiff has no evidence raising a genuine issue of material fact that any of the elements of fraud exists."

Rule 166a(i) permits a movant to seek a no-evidence summary judgment on the ground that there is no evidence of "one or more" essential elements of a claim, but the "motion must state the elements as to which there is no evidence." TEX. R. CIV. P. 166a(i). Relying on *Jose Fuentes Co. v. Alfaro*, 418 S.W.3d 280 (Tex. App.—Dallas 2013, pet. denied), Tanner argues that Black's no-evidence motion lacks the rule's required specificity. We disagree. In *Alfaro*, after listing the essential elements of the nonmovants' claims, the no-evidence motion improperly

10

asserted that the nonmovants had no evidence to support "one or more" of the elements of their claims. *Id.* at 283–85. In contrast, Black's no-evidence motion, by asserting that Tanner had no evidence of "any" of the elements of his fraud claim, properly moved for no-evidence summary judgment on all of the fraud elements. *See, e.g., De La Cruz v. Kailer*, 526 S.W.3d 588, 593–94 (Tex. App.—Dallas 2017, pet. denied) (no-evidence motion seeking summary judgment on "each and every" element was sufficient to challenge all elements). Because Tanner did not produce evidence of any elements of his fraud claim, the trial court properly granted summary judgment on Tanner's fraud claim.

We overrule Tanner's first issue.

**Immunity.** Turning to Tanner's second issue and Black's traditional motion for summary judgment on her statutory immunity defense, both Black's and Tanner's summary-judgment evidence, along with Tanner's live pleading, established Black's immunity defense under section 107.009.[4] Tanner's pleading and the summary-judgment evidence conclusively established that all of Tanner's claims derive solely from Black's status an appointed amicus attorney in Tanner's divorce case. *See Kabbani*, 2009 WL 469546, at *4–5.

---

[4]    Among other things, Black refers to the divorce decree, which Tanner personally "approved and consented to as to both form and substance." The decree states that Black "has satisfactorily discharged all the attorney duties and obligations under chapter 107 of the Texas Family Code." Black also notes that Tanner never objected to or filed a motion to remove her as amicus attorney in the divorce case.

With Black having met her preliminary burden as movant, the burden shifted to Tanner to raise a fact issue on Black's immunity defense. *See id.* at *6. Tanner's attempt to raise a fact issue was to invoke the statutory exceptions to immunity in section 107.009, which provides that an amicus attorney's immunity from liability "does not apply to an action taken, a recommendation made, or an opinion given: (1) with conscious indifference or reckless disregard to the safety of another; (2) in bad faith or with malice; or (3) that is grossly negligent or wilfully wrongful." In his summary-judgment response and on appeal, Tanner makes the conclusory assertion, without reference to any supporting legal authority or competent summary-judgment evidence,[5] that Black's above-described conduct raises a fact issue on all three of these exceptions. The trial court properly granted Black's traditional motion for summary judgment on her immunity defense. We overrule Tanner's second issue.

---

[5] For example, Tanner did not present summary-judgment evidence from an attorney expert that Black's alleged conduct fell within any of the three statutory exceptions. *Cf. Starwood Mgmt., LLC v. Swaim*, 530 S.W.3d 673, 679 (Tex. 2017) ("Generally, in a legal malpractice case, expert witness testimony is required to rebut a defendant's motion for summary judgment challenging the causation element. To defeat such a motion, an expert affidavit must be probative and raise a fact issue.") (internal citation omitted); *Saldana-Fountain v. Chavez Law Firm*, 450 S.W.3d 913, 916–17 (Tex. App.—El Paso 2014, no pet.) ("the law required Appellant to provide expert testimony on the viability of her employment claim—her "case within a case"—in order to establish causation, i.e., that but for her attorney's negligence, she would be entitled to judgment").

**Conclusion**

We affirm the judgment of the trial court.

Richard Hightower
Justice

Panel consists of Justices Lloyd, Kelly, and Hightower.