

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| GEORGE HADDY, | § | No. 08-12-00131-CV |
| Appellant, | § | Appeal from the |
| v. | § | 448th Judicial District Court |
| JOHN W. CALDWELL, JR., | § | of El Paso County, Texas |
| Appellee. | § | (TC# 2010-700) |
| | § | |

## **O P I N I O N**

Proceeding *pro se*, George Haddy appeals from the trial court's order granting John W. Caldwell, Jr.'s motion for summary judgment on no-evidence grounds and dismissing Haddy's legal-malpractice claim against Caldwell. We affirm.

### **FACTUAL AND PROCEDURAL BACKGROUND**

Haddy, and his then-wife Ana, hired Caldwell to pursue a medical-malpractice claim against United States Army physicians for their treatment of Ana. Caldwell filed suit in federal court, but the court granted summary judgment in favor of the defendant. Approximately two years later, Haddy sued Caldwell for legal malpractice, alleging that Caldwell was negligent in prosecuting the medical-malpractice claim because Caldwell failed to designate an expert and file an expert report. Ana, who had divorced Haddy by then, was not a party to the suit.

1

After filing an answer, Caldwell moved for summary judgment on no-evidence grounds.[1] Caldwell asserted there was no evidence he and the physicians in the underlying suit were negligent. Haddy filed a response to which he attached several exhibits, including his affidavit, the federal court's summary judgment, and emails authored by two physicians. Haddy contended his affidavit, in combination with the federal court's order, established the elements of his malpractice claim against Caldwell and the emails constituted evidence he and Ana would have been successful in the underlying medical-malpractice suit.

Caldwell filed a reply, arguing Haddy had not offered any competent summary-judgment evidence. Specifically, Caldwell claimed Haddy failed to produce affidavits from qualified medical and legal experts addressing certain essential elements of his respective causes of action.[2] Caldwell also lodged specific objections to the evidence produced by Haddy.

Haddy responded by filing an amended affidavit and a report prepared by a medical professional who opined that the physicians treating Ana breached the standard of care and injured her. Haddy, however, never produced an affidavit from a legal expert. In its order granting summary judgment, the trial court identified the lack of "competent summary judgment evidence on the elements of standard of care and breach in the legal malpractice case" as one of its reasons for doing so.

## LEGAL MALPRACTICE

In his sole issue, Haddy argues the trial court erred when it granted Caldwell's motion for

---

[1] Caldwell also filed a motion to show authority, and later a motion to dismiss, in which he maintained that Haddy did not have standing to pursue the legal-malpractice action against him because Haddy's loss-of-consortium claim was a derivative claim that required Ana to be joined as a party. Agreeing, the trial court dismissed Haddy's suit with prejudice. On appeal, we reversed and remanded, holding that Haddy had standing to maintain his suit against Caldwell because Haddy's loss-of-consortium claim was a separate and independent claim distinct from Ana's claim. *Haddy v. Caldwell*, 355 S.W.3d 247, 251-52 (Tex.App.--El Paso 2011, no pet.).

[2] Caldwell also claimed Haddy failed to produce evidence of "any injury to [him] for alleged loss of consortium."

summary judgment on no-evidence grounds because he produced evidence raising an issue of material fact on each element of his legal-malpractice claim against Caldwell. We disagree.

### Standard of Review

After an adequate time for discovery, a party may move for summary judgment on the ground that no evidence exists to support one or more essential elements of a claim. TEX.R.CIV.P. 166a(i) & cmts. The non-movant bears the burden to produce more than a scintilla of evidence raising a genuine issue of material fact on the challenged elements. *See id*. More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Merrell Dow Pharmaceuticals, Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). If the non-movant fails to meet his burden, the trial court must grant the motion for summary judgment. TEX.R.CIV.P. 166a(i). We review all of the evidence in the light most favorable to the non-movant and disregard all contrary evidence and inferences. *Havner*, 953 S.W.2d at 711.

### Applicable Law

A legal-malpractice action requires proof of four elements: (1) the attorney owed the plaintiff a duty; (2) the attorney breached that duty; (3) the breach proximately caused the plaintiff's injuries; and (4) damages occurred. *Alexander v. Turtur & Assocs., Inc.*, 146 S.W.3d 113, 117 (Tex. 2004); *Peeler v. Hughes & Luce*, 909 S.W.2d 494, 496 (Tex. 1995). If the malpractice action arises from prior litigation, the plaintiff bears the additional burden of proving that, "but for" the attorney's breach of duty, the plaintiff would have prevailed on the underlying cause of action and would have been entitled to judgment. *Alexander*, 146 S.W.3d at 118. To discharge this burden, known as the "suit within a suit" requirement, the plaintiff must produce

3

evidence explaining the legal significance of the attorney's failure and the impact this had on the underlying action. *Alexander*, 146 S.W.3d at 119-20; *Cantu v. Horany*, 195 S.W.3d 867, 873 (Tex.App.--Dallas 2006, no pet.). The plaintiff will not be successful in discharging this burden if he fails to produce expert testimony regarding causation and the standard of skill and care ordinarily exercised by an attorney. *Alexander*, 146 S.W.3d at 119-20; *McInnis v. Mallia*, 261 S.W.3d 197, 201 (Tex.App.--Houston [14th Dist.] 2008, no pet.); *Cantu*, 195 S.W.3d at 873; *Ersek v. Davis & Davis, P.C.*, 69 S.W.3d 268, 271 (Tex.App.--Austin 2002, pet. denied).

## *Discussion*

Caldwell was entitled to summary judgment. Haddy offered no evidence from a legal expert explaining how Caldwell breached the standard of care when he failed to designate an expert and file an expert report and establishing that more likely than not Haddy and Ana would have prevailed but for Caldwell's performance. As established above, Haddy was required to provide such expert testimony. *See Alexander*, 146 S.W.3d at 119-20; *McInnis*, 261 S.W.3d at 201; *Cantu*, 195 S.W.3d at 873; *Ersek*, 69 S.W.3d at 271. By failing to do so, Haddy did not produce any evidence raising a genuine issue of material fact on the essential elements of his legal-malpractice claim against Caldwell.

In his briefing, Haddy argues that, "[b]ecause [Caldwell's] negligence is patently obvious to any layperson . . .," he was not required to provide testimony from a legal expert to show Caldwell breached the standard of care.[3] Even if Haddy were correct, he nonetheless fails to

---

[3] Haddy cites the following cases in support of his argument that he was not required to provide testimony from a legal expert to show Caldwell breached the standard of care: (1) *Millhouse v. Wiesenthal*, 775 S.W.2d 626, 627 (Tex. 1989); (2) *MND Drilling Corp. v. Lloyd*, 866 S.W.2d 29 (Tex.App.--Houston [14th Dist.] 1987, no writ); (3) *McClung v. Johnson*, 620 S.W.2d 644 (Tex.Civ.App.--Dallas 1981, writ ref'd n.r.e.), *disapproved on other grounds by Willis v. Maverick*, 760 S.W.2d 642, 645 n.2 (Tex. 1988); (4) *Schlosser v. Tropoli*, 609 S.W.2d 255 (Tex.Civ.App.--Houston [14th Dist.] 1980, writ ref'd n.r.e.); and (5) *Rice v. Forestier*, 415 S.W.2d 711 (Tex.Civ.App.--San Antonio 1967, writ ref'd n.r.e.). However, none can be read to hold that expert testimony is not required to prove the element of breach in

address why evidence from a legal expert was not required to show causation in this case, *i.e.,* but for Caldwell's breach, he and Ana would have prevailed in the underlying medical-malpractice suit.[4] Without explicitly stating so, Haddy suggests causation is shown here by the same evidence that establishes Caldwell's breach of the standard of care. He is mistaken. First, "[b]reach of the standard of care and causation are separate inquiries . . . and an abundance of evidence as to one cannot substitute for a deficiency of evidence as to the other." *Alexander*,146 S.W.3d at 119. Second, and more important, it is not obvious that but for any errors made by Caldwell, Haddy and Ana would have prevailed in their medical-malpractice suit so as to obviate the need for expert testimony. *See id*. at 120. In other words, the leap from Caldwell's failure to designate an expert and file an expert report to Haddy's and Ana's successful recovery in their lawsuit is too great to make logically, absent an explanation from a legal expert as to what other factors, if any, may or may not have thwarted success.

Haddy also suggests that the medical opinions filed in response to Caldwell's motion for summary judgment are evidence, but for Caldwell's breach, he and Ana would have prevailed in the underlying suit. Again, he is mistaken. Putting aside the question whether these opinions are competent summary-judgment evidence, they speak only to the standard of care, breach, and causation concerning the Army physicians. By failing to address, much less demonstrate, the causal link between Caldwell's alleged negligence and the purported harm suffered by Haddy and Ana, these opinions cannot be considered evidence that Haddy and Ana would have succeeded in the underlying medical-malpractice action had Caldwell designated an expert and filed an expert

a legal-malpractice case arising from prior litigation.

[4] In *Alexander*, the Texas Supreme Court made definite the need for expert testimony to prove causation in a legal-malpractice claim alleging negligence in prior litigation.

5

report.   Accordingly, we conclude that the trial court did not err in granting Caldwell's motion for summary judgment on no-evidence grounds and dismissing Haddy's legal-malpractice claim against Caldwell.

Haddy's sole issue is overruled.

## CONCLUSION

The trial court's judgment is affirmed.


May 8, 2013

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

6