COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| MARIA SALDANA-FOUNTAIN, | § | No. 08-12-00322-CV |
| Appellant, | § | Appeal from the |
| | § | |
| v. | § | 384th District Court |
| | § | |
| CHAVEZ LAW FIRM, ENRIQUE | § | of El Paso County, Texas |
| CHAVEZ, JR., AND CHAVEZ LAW, P.C., | § | (TC# 2011-2939) |
| | § | |
| Appellees. | § | |

## **O P I N I O N**

In this case, we must determine whether a legal malpractice claimant who alleges her attorney failed to file an employment discrimination lawsuit within the statute of limitations period can survive summary judgment absent expert testimony speaking to the viability of her original underlying claim. We hold she cannot.

## BACKGROUND

### *Factual History*

This case arises out of an underlying racial discrimination claim *pro se* Appellant Maria Saldana-Fountain wished to prosecute against her former employer, William Beaumont Army

Medical Center ("the Hospital").[1]  Appellant alleged that she hired an attorney to help her file a complaint with the Equal Employment Opportunity Commission ("EEOC").  While her EEOC complaint was pending, the attorney died.  The EEOC subsequently ended its investigation and issued her a right-to-sue letter.  Appellant then sought out the legal services of Appellees Enrique Chavez, Jr., the Chavez Law Firm, and Chavez Law, P.C. (individually and collectively "Chavez") to proceed with a lawsuit against the Hospital.  Neither side disputes that the statute of limitations for Appellant's federal discrimination claims expired on January 3, 2011.  The evidence is also undisputed that on November 23, 2010, Appellant approached Chavez about filing an employment discrimination lawsuit against the Hospital in federal court.  What happened following this meeting is in dispute.

Appellant alleged she entered into a legal services contract with Chavez on November 23. Appellant further alleged that when she contacted Chavez on January 3, 2011, the day the statute of limitation expired, his employees assured her the case had been filed.  It is undisputed that Chavez never filed Appellant's case in federal court.  Chavez contended that a letter in the summary judgment record dated November 24, 2010, the day after the initial consultation, shows that he never formed an attorney-client relationship with Appellant.  The letter states that Chavez declined to take the case and that Appellant should consult with other attorneys if she wished to pursue her claim.  Appellant claims this letter was backdated and that she actually received the letter on March 24, 2011, following the expiration of the statute of limitations.

### *Procedural History*

---

[1] In her brief, Appellant made numerous factual allegations about matters that do not appear in the record and attempted to present documents to this Court which were not presented to the trial court below.  Chavez moved to strike large parts of Appellant's brief and an attached appendix on this basis.  In deciding this appeal, we reviewed only that evidence which properly appeared in the record.  As such, we deny Chavez's motion to strike as moot. Appellant's motion in opposition to Chavez's motion to strike is also denied as moot.

Prior to the deadline set by the agreed discovery order, Appellant did not provide any expert affidavits in support of her legal malpractice claim or her employment discrimination claim. Chavez filed a hybrid motion for summary judgment on two grounds. First, Chavez contended that Appellant failed to provide any expert evidence on each element of her legal malpractice and breach of fiduciary duty claims. Second, Chavez alternatively argued that he prevailed under the traditional standard because Appellant failed to raise material fact issues on those same elements through the use of expert testimony. The trial court granted Chavez's motion without specifying the grounds underpinning its judgment.

This appeal followed.

## DISCUSSION

The ultimate question presented here is whether Appellant can maintain her legal malpractice suit against Chavez absent expert testimony. Appellant lodges two multifarious complaints in her brief. We begin by addressing Issue Two, in which Appellant raises numerous objections to the trial court's continuance and discovery rulings.[2] Challenges to those rulings are outside the scope of this appeal, which deals only with the trial court's ruling on summary judgment disposing of all claims. *See Capitol Indem. Corp. v. Kirby Rest. Equip. & Chem. Supply Co., Inc.*, 170 S.W.3d 144, 146 (Tex.App.--San Antonio 2005, pet. denied)(scope of summary judgment review limited to issues presented in written motion). Further, we are without jurisdiction to entertain interlocutory appeals of the trial court's discovery rulings absent statutory authorization. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 51.014 (West Supp. 2014)(interlocutory appeal statute). Issue Two is overruled.

---

[2] Appellant also purports to raise constitutional arguments in Issue Two, and frames Sub-Issues A and C in terms of "due process." However, our review of her brief shows that Appellant spends those sub-issues reiterating the summary judgment points she makes in Issue One. As such, we read these sub-issues as subsumed by Issue One and decline to address them separately, since duplicative discussion of these points is unnecessary to the resolution of this appeal. *See* TEX.R.APP.P. 47.1.

We next turn to Appellant's remaining point. In Issue One, Appellant contends that under the "common knowledge doctrine," she was not required to submit expert testimony because a layperson can understand that failing to file suit within the statute of limitations would constitute negligence. Assuming without deciding that expert testimony was unnecessary to establish the standard of care because "[m]issing the statute of limitations is a classic example of negligence that any layperson can understand[,]" *James V. Mazuca & Assocs. v. Schumann*, 82 S.W.3d 90, 97 (Tex.App.--San Antonio 2002, pet. denied), we nevertheless conclude that the law required Appellant to provide expert testimony on the viability of her employment claim—her "case within a case"—in order to establish causation, i.e., that but for her attorney's negligence, she would be entitled to judgment.

### Standard of Review and Applicable Law

We review summary judgment grants *de novo*. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). When a party moves for hybrid summary judgment, we generally address the no-evidence grounds first before turning, if necessary, to the traditional grounds. *Id*.

"A no-evidence summary judgment motion under Rule 166a(i) is essentially a motion for a pretrial directed verdict; it requires the nonmoving party to present evidence raising a genuine issue of material fact supporting each element contested in the motion." *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). "When reviewing a no-evidence summary judgment, we review the evidence presented by the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Id*. [Internal quotations marks omitted]. General or conclusory no-evidence challenges are prohibited; a movant must identify specific elements on which the non-movant

failed to provide evidence. *Id*. On traditional summary judgment review, we determine whether the movant has established that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). If so, the movant is entitled to summary judgment. *Id*.

The fundamental elements of a legal malpractice claim are no different than those of a standard negligence claim. A plaintiff must establish that "the defendant owed the plaintiff a duty, the defendant breached that duty, the breach proximately caused the plaintiff's injury, and the plaintiff suffered damages." *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Research Corp.*, 299 S.W.3d 106, 112 (Tex. 2009). "Breach of the standard of care and causation are separate inquiries, and an abundance of evidence as to one cannot substitute for a deficiency of evidence as to the other. Thus, even when negligence is admitted, causation is not presumed." *Thompson & Knight, L.L.P. v. Patriot Exploration, L.L.C.*, No. 05-13-00104-CV, 2014 WL 4072120, at *4 (Tex.App.--Dallas Aug. 19, 2014, no pet.). To establish proximate cause where a legal malpractice claim arises from a prior suit, the plaintiff must establish that but for her attorney's negligence, "she would be entitled to judgment." *Cunningham v. Hughes & Luce, L.L.P.*, 312 S.W.3d 62, 67 (Tex.App.--El Paso 2010, no pet.); *MND Drilling Corp. v. Lloyd*, 866 S.W.2d 29, 31 (Tex.App.--Houston [14th Dist.] 1987, no writ)(attorney's failure to respond to summary judgment motion alone not enough to support legal malpractice claim; plaintiff must also show suit would have survived summary judgment but for the attorney's negligence). This burden is often referred to as the "suit within a suit" requirement. *See Greathouse v. McConnell*, 982 S.W.2d 165, 173 (Tex.App.--Houston [1st Dist.] 1998, pet. denied).

### *Analysis*

When the trial court does not specify upon which grounds its judgment rests, we may uphold the judgment on any correct legal theory passed on below. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003). Appellant maintains that she did not need to provide expert testimony because missing the statute of limitations is negligence that is obvious to even laypeople unversed in law. Language out of the San Antonio Court of Appeals appears to support her contention. *See Mazuca*, 82 S.W.3d at 97 (calling an attorney's failure to file a case within the statute of limitations period a "classic example of negligence" that would not require expert testimony). We need not decide whether Appellant's legal assessment on negligence is correct if she failed to bring forth any competent evidence on the issue of causation. *See Haddy v. Caldwell*, 403 S.W.3d 544, 546-47 (Tex.App.--El Paso 2013, pet. denied). Here, we find no evidence to support the merits of her "suit within a suit."

We note that expert testimony does not appear to be an absolute prerequisite to establishing causation in a legal malpractice suit. In discussing causation, the Texas Supreme Court in *Alexander v. Turtur & Assocs., Inc.*, stated that "[i]n some cases the client's testimony may provide this link, but in others the connection may be beyond the jury's common understanding and require expert testimony." 146 S.W.3d 113, 119 (Tex. 2004). Nevertheless, if this case had gone to trial, the jury would have had no way of determining whether Appellant's underlying employment discrimination suit was meritorious absent expert testimony, since federal employment law is not common knowledge among most jurors. As such, Appellant's failure to designate any expert witnesses who could speak to the merits of her underlying claim by the discovery deadline is fatal to her claim. No competent record evidence exists to raise a genuine issue of material fact on causation, and rendition of summary judgment on no-evidence grounds was proper.

## *"Fracturing" A Legal Malpractice Claim?*

Appellant also maintains that she should have survived summary judgment because she did not need to provide expert testimony in support of her second claim against Chavez: breach of fiduciary duty. Chavez counters that Appellant's breach of fiduciary duty claim was improperly "fractured" from the legal malpractice claim, and that she did not in fact present a separate cause of action for fiduciary breach, but rather only raised additional negligence allegations subsumed within her legal malpractice cause of action. As such, her "claim" for breach of fiduciary duty rises and falls in tandem with her malpractice claim. We agree.

A plaintiff is not limited to suing an attorney only for professional negligence. *Deutsch v. Hoover, Bax & Slovacek, L.L.P.*, 97 S.W.3d 179, 189 (Tex.App.--Houston [14th Dist.] 2002, no pet.). However, "[t]he rule against dividing or fracturing a negligence claim prevents legal-malpractice plaintiffs from opportunistically transforming a claim that sounds only in negligence into other claims." *Id*. We look to the substance of the claim and not its title in determining whether a plaintiff has presented a separate claim, or merely recast and repeated a negligence claim. *Id*. "If the gist of a client's complaint is that the attorney did not exercise that degree of care, skill, or diligence as attorneys of ordinary skill and knowledge commonly possess, then that complaint should be pursued as a negligence claim, rather than some other claim." *Id*. "If, however, the client's complaint is more appropriately classified as another claim, for example, fraud, DTPA, breach of fiduciary duty, or breach of contract, then the client can assert a claim other than negligence." *Id*.

Here, the substance of Appellant's allegations in her live pleading make clear that she sought to hold Chavez liable for professional negligence. She alleged six specific acts as proof both of Chavez's negligence and his breach of fiduciary duty. She also never specifically alleges

how Chavez breached his fiduciary duty to her beyond performing negligently. The "gist" of her breach of fiduciary duty claim is that Chavez failed to use the ordinary care and skill required of an attorney. The substance of that allegation presents nothing beyond a standard professional negligence claim, the merits of which we dealt with above. No-evidence summary judgment was proper.

Issue One is overruled. The trial court's judgment is affirmed.

YVONNE T. RODRIGUEZ, Justice

November 25, 2014

Before McClure, C.J., Rivera, and Rodriguez, JJ.
Rivera, J., not participating